E. N. MAULL AND SPRINGFIELD REALTY COMPANY, A CORPORATION, *Appellants*, v. MARY JANE LINDSLEY AND EUGENE A. LINDSLEY, HER HUSBAND, *Appellees.*

Opinion Filed March 19, 1920.

Petition for rehearing denied April 13, 1920.

Where the allegations of a bill of complaint do not make a case of confusion of boundaries cognizable in a court of equity, and it does not appear that the boundaries of the land in controversy are not capable of definite ascertainment by available evidence in a court of law where a jury trial is an organic right, a decree not predicated upon a distinct equity will be reversed.

An Appeal from the Circuit Court for Duval County, George Couper Gibbs, Judge.

Decree reversed.

*George C. Bedell* and *D. H. Doig,* for Appellants;

*Axtell & Rinehart* and *J. W. Holland,* for Appellees

WHITFIELD, J.—The amended bill of complaint herein alleges that the complainant, "Mary Jane Lindsley, is the owner of that certain tract of land lying and being in

Duval County, Florida, described as the North portion of the South half (S. ½) of Lot Three (3), in Section One (1), Township Two (2), South Range Twenty-six (26), East, containing sixteen (16) acres of land more or less." The defendants claim rights in lands on the south side of the described lands that formerly belonged to Alsina D. Lindsley.

It is also alleged in effect that a portion of the described land along its southern boundary had been dedicated as a part of a public highway, upon which the defendant, Maull, is erecting a building on land dedicated by complainant as a street, the other part of the alleged dedicated street being upon land south of complainants' land as described.

The prayer of the bill is as follows: "That the said property described on and shown to be Fifteenth Street on said map or plan, Exhibit "A," may be declared to be a public highway and thoroughfare, and dedicated to public use; that the true line between the property owned by your oratrix, Mary Jane Lindsley, and the property formerly owned by Alsina D. Lindsley, may be established and described; that the defendants, and each of them, may be restrained by an injunction issuing out of this court from proceeding with any building or building operation in or upon said Fifteenth Street as shown on said map Exhibit "A," and restraining and enjoining the said defendants, and each of them, from continuing building operations in said street, and from maintaining thereon such buildings as may have been erected and requiring them and each of them to remove from the said street any obstruction whatsoever so placed by the said defendants, or either of them, their servants, agents and employees; and that your orators may have such other and

further relief in the premises as equity' may require, and to your Honors may seem meet.'

After finding that "as to the South one-half of the south one-half of the west one-half of lot three, section one, twonship two south, range twenty-six east, the complainants did not have the right to dedicate any portion thereof to the uses and purposes of a public street," etc., the court decreed "that the division or boundary line between the north one-half of the south half of the west half of lot three, section one, township two south, range twenty-six east, on the one side, and the south one-half of the south half of the west half of lot three, section one, township two south, range twenty-six east, on the other side, is in dispute, and should be settled and determined; that this cause be referred to a Special Examiner of this court for the taking of testimony that the court may settle and determine and establish said bundary line; that said Special Examiner take and hear such testimony as may be produced before him touching the location of said boundary line; that said Special Examiner report said testimony taken before him to the court with all convenient speed, together with all such maps or plats as may be produced before him showing the location of said boundary line and the location of the building erected by the defendant E. N. Maull with respect to said boundary line location; and the court hereby appoints S. M. Mathews, Esquire, as such Special Examiner."

Subsequently a decree was rendered fixing the boundary line in dispute and enjoining encroachments on complainants' land with mandatory provisions. This decree was appealed from.

The allegations° of the bill of complaint do not show a case of confusion of boundaries cognizable in a court of equity.    See 4 R. C. L. 75; 9 C. J. 267; Doggett v. Hart, 5 Fla. 215; Pendry v. Wright, 20 Fla. 828; 5 Pom. Eq. Jur. Sec. 2116 *et seq.*; 5 Cyc. 952; 4 Am. & Eng. Ency. Law (2nd ed.) 839.

The purpose of the suit was to abate an obstruction of an alleged dedicated public highway, upon the theory that the complainants were specially and peculiarly injured in their property rights by the obstruction.   The location of the supposed highway is alleged and there is no allegation of an equity with reference to the boundaries or that the boundaries of the land so dedicated are not capable of definite ascertainment by available evidence in a court of law where a jury trial is an organic right.   The chancellor held that a dedication of a part of the *locus in quo* for a highway was not proven, and there were no sufficient allegations of a confusion of boundaries of complainants' land to warrant a court of equity in proceeding on the bill as framed to determine such a matter originally or as an incident to an application to abate an obstruction in a public highway.

Decree reversed.

All concur.